IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20CV445-GCM

| | |
|---|---|
| RICKY D. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CENTRAL LOAN ADMINISTRATION ) | |
| & REPORTING a/k/a CENLAR FSB, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon Defendant Cenlar's Motion to Exclude Expert Testimony of Tara Twomey (Doc. No. 35). The motion has been fully briefed and is ripe for disposition.

Defendant seeks to exclude Ms. Twomey's testimony arguing that she seeks to impermissibly testify to the meaning and applicability of federal regulations. A witness may provide expert opinion on issues at trial if the opinion is helpful to the trier of fact, if the witness is sufficiently qualified, and if the opinion is reliable. Fed. R. Evid. 702. Based upon a review of the filings herein, the Court finds that Ms. Twomey is highly qualified to opine on the mortgage servicing industry. The Court is likewise confident that her testimony meets the requirements of Rule 702 of the Federal Rules of Evidence.

The Defendant's main argument is that Ms. Twomey's testimony will not be helpful to the jury because she will essentially be giving her expert opinion on whether Cenlar violated the law. It appears to the Court, however, that Ms. Twomey's testimony concerns the day-to-day operations of the complex business of the mortgage servicing industry and would be helpful to the jury. In her deposition, Ms. Twomey acknowledged that she can neither offer an opinion as

to the meaning of the applicable law nor an opinion on whether Cenlar violated the law. The Court therefore finds that Ms. Twomey is qualified as an expert, her testimony is relevant and reliable, and would not unfairly prejudice the Defendant.

IT IS THEREFORE ORDERED that Defendant Cenlar's Motion to Exclude Expert Testimony of Tara Twomey (Doc. No. 35) is hereby DENIED.

Signed: July 27, 2022

Graham C. Mullen
United States District Judge